## Commonwealth ex rel., Appellant, v. Thomas.

*Habeas corpus—Return day—Failure of court to fix return day —Quashing writ.*

Where no return day for a writ of habeas corpus is fixed by an act of assembly, and a rule of court provides that the judge allowing the writ shall fix the return day, a writ issued by the court will be quashed, where the record shows that no return day was named in the writ, that the clerk of the court fixed the day on which the return should be made, and subsequently enlarged the writ, without any action being taken by the court.

An objection made in such a case that a motion to quash the writ was not made by the mover in the capacity of an attorney for the respondent, will not be considered where it is evident that the court below took notice of the fact that the mover appeared as counsel in the case and represented the respondent.

Submitted Nov. 13, 1917. Appeal, No. 298, Oct. T., 1917, by plaintiff, from order of Q. S. Philadelphia Co., quashing writ of habeas corpus in suit of Commonwealth ex rel. Franklin M. Thomas v. William H. M. Thomas. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Motion to quash writ of habeas corpus.

The facts are stated in the opinion of the Superior Court.

424, (1918).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order quashing the writ.

*Andrew T. Jenkins,* for appellant.—No return to the writ of habeas corpus having been made by the defendant, there was nothing, legally, before the court to pass upon: Com. v. Weiss, 13 Pa. Dist. Rep. 220; Com. v. Shecter, 250 Pa. 282; McClurg v. Fryer, 15 Pa. 293.

*William A. Gray,* for appellee.

OPINION. BY HENDERSON, J., April 22, 1918:

This is an appeal from the action of the court below quashing a writ of habeas corpus issued by the relator to procure the custody of a child. The writ was issued December 31, 1913, and made returnable June 26, 1914. Service was not had on the defendant until February 19, 1917, at which time a hearing was fixed by a judge of the court for February 23, 1917. At the latter date the case was continued by agreement and on March 22d, a motion to quash the writ was made. The first reason assigned was that the writ was returnable June 26, 1914, and the return day having passed it no longer had any force and effect. No return day is fixed by act of assembly. Rule 26 of the Court of Quarter Sessions provides that the judge allowing the writ shall fix the return day. No return day was named when the writ was issued. The order was "Let writ issue. Returnable sec. reg. W. W. C. 31 December, 1913." The clerk apparently in conformity with the practice in such cases fixed the 26th of June, 1914, as the day on which the return should be made. It not being practicable to obtain service on the respondent before that time the writ was enlarged by the court from date to date as appears by the record, the last enlargement having been made on February 19, 1917. No opinion was filed by the court but we may infer that the writ was quashed because it had not been regularly enlarged by the court. The practice of extending the time for the service is of long standing and was adopted in Rex

v. Clarke, 3 Burrows 1362.  This action must be taken by the court, however, and is not within the capacity of the clerk in the absence of specific authority so to do.  We are not inclined to assume that the court quashed the writ without consideration of this feature of the case and as no other ground is apparent we assume that this was the reason for the order appealed from.  Objection is made that the motion to quash was not made by the mover in the capacity of attorney for the respondent but the court evidently took notice of the fact that he appeared as counsel in the case and represented the appellee.  We are not convinced that the action of the court was unlawful.

The order is affirmed at the cost of the appellant.